IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RON G. BLANCHETTE,

                Plaintiff,                OPINION AND ORDER

    v.

                                                22-cv-57-wmc

DENIS MCDONOUGH
SECRETARY OF VETERANS AFFAIRS,

                Defendant.

*Pro se* plaintiff Ron G. Blanchette has filed this lawsuit against Denis McDonough in his official capacity as the Secretary of Veterans Affairs ("VA") alleging that the agency has unlawfully obstructed his claim for service-connected disability benefits. Blanchette is proceeding without prepayment of the filing fee, so his complaint must be screened to determine whether any portion is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, the complaint must be dismissed for lack of subject matter jurisdiction.

ALLEGATIONS OF FACT[1]

Blanchette is a United States Navy veteran residing in Pelican Lake, Wisconsin. In 2006, he filed a service-connected disability benefits claim with the VA based on a cervical spine disorder, a brainstem disorder, and related headaches, among other issues, which was

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the following facts based on the allegations in the complaint and attachments.

denied. Blanchette then hired a lawyer from Nakoosa, Wisconsin, and continued to pursue his claim. Although the complaint is somewhat unclear on what happened next, Blanchette appears to be alleging that at a 2007 hearing in the Milwaukee VA Regional Office, a government attorney misled him into providing a statement that was detrimental to his claim. The Regional Office ultimately denied Blanchette's claim, as did the Board of Veterans Appeals.

Blanchette then appealed to the United States Court of Appeals for Veterans Claims. That court, alleges Blanchette, vacated and remanded his claim back to the Board three times over several years. During that period of time, Blanchette filed a complaint against the VA with its Office of Inspector General and also contacted two congressmen and former Vice President Mike Pence about his claim, all without success. Then, in October 2017, Blanchette alleges that his former attorney moved to voluntarily dismiss his appeal from the latest adverse Board decision without Blanchette's knowledge. Blanchette filed a petition for a writ of mandamus in January 2020 with the Court of Appeals for Veterans Claims, apparently to reopen his appeal, but that court denied relief. Blanchette then filed a complaint against his former lawyer with Wisconsin's Office of Lawyer Regulation ("OLR") in January 2022.

Blanchette maintains that he is entitled to the benefits he seeks, but the VA has ignored "any and all relevant medical evidence submitted," and will never give him "the benefit of the doubt." (Dkt. #1 at 1-2.)

OPINION

The Veterans' Judicial Review Act ("VJRA") establishes the exclusive procedure for

veterans to challenge decisions of the VA relating to benefits, and thus divests this court of subject matter jurisdiction over plaintiff's suit.  Specifically, § 511(a) provides that, subject to exceptions not applicable here, "the decision of the Secretary [of Veterans Affairs] as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise."  *Id.*

Here, as best the court can make out, the heart of plaintiff's complaint is that he believes he is entitled to service-connected disability benefits, and his alleged injuries arise from the VA's benefits determination.  To inquire into this claim would require the court to resolve "questions of law and fact . . . that affect[ ] the provision of [plaintiff's] benefits," and thus is covered by the statute.  *Id.* § 511(a).  However, "[t]he circuits unanimously agree that the VJRA divests the federal courts of jurisdiction to review lawsuits challenging individual veteran's benefits decisions."  *Karmatzis v. Hamilton*, 553 F. App'x 617, 618 (7th Cir. 2014) (collecting cases); *Sugrue v. Derwinski*, 26 F.3d 8, 12 (2d Cir. 1994) ("Congress has explicitly foreclosed a remedy in Article III courts against the VA").  To the extent plaintiff alleges the VA has violated his constitutional rights, the Seventh Circuit has held that a "veteran may not circumvent [the VJRA's] jurisdictional limitations by cloaking a benefits claim in constitutional terms."  *Id.* at 619 (citing *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023-24 (9th Cir. 2012) (collecting cases)); *see also Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995) ("Since the enactment of the VJRA, federal courts have refused to entertain constitutional claims if they are based on the VA's actions in a particular case"); *McCulley v. United States Dep't of Veterans Affairs*,

3

851 F. Supp. 1271, 1282 (E.D. Wis. 1994) (district court lacked subject matter jurisdiction over claim that VA denied plaintiff equal protection); *cf. Murrhee v. Principi*, 364 F. Supp. 2d 782, at 787-88 (C.D. Ill. April 14, 2005) (explaining that district courts retain jurisdiction to review facial constitutional challenges to veterans' benefits statutes, but not veterans' benefits claims).

Even if jurisdiction were present here, this court does not have the authority to order the Court of Appeals for Veterans Claims to reopen plaintiff's appeal, to the extent plaintiff is seeking that relief. Nor is plaintiff, as a private citizen, entitled to an order requiring the arrest or prosecution of any individuals within the VA that he believes may have had a hand over the years in obstructing his benefits claim, to the extent plaintiff is requesting such an order. *Del Marcell v. Brown Cnty. Corp.*, 680 F.3d 887, 901-02 (7th Cir. 2012) (Easterbrook, C.J., concurring) (citations omitted); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").[2]

In sum, under the VJRA, plaintiff does not have recourse in this court with respect to his VA benefits claim. In light of this settled law, allowing plaintiff to file an amended complaint would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013)

---

[2] As for plaintiff's former lawyer, plaintiff does not name this individual as a defendant, so the court presumes plaintiff does not seek to proceed against him in this matter and will continue to pursue his OLR complaint. Even if plaintiff were seeking to sue his former attorney for legal malpractice, that would be a state-law claim against a defendant plaintiff does not allege is a citizen of another state, so without any viable federal law claims, this court would leave plaintiff to pursue that claim in the state courts subject to any applicable statute of limitation. *See* 28 U.S.C. § 1332 (a federal court can exercise jurisdiction over a state-law claim if the parties are diverse and the amount in controversy exceeds $75,000). The court makes no comment in this order regarding the merits of such a claim.

("[l]eave to amend need not be granted, however, if it is clear that any amendment would be futile"). Accordingly, his complaint must be dismissed without prejudice.

ORDER

IT IS ORDERED that:

1) Plaintiff Ron G. Blanchette's complaint is DISMISSED without prejudice for lack of subject matter jurisdiction.

2) The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 18th day of February, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge